1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF ANN ARBOR EMPLOYEES' RETIREMENT SYSTEM, et al., Individually and On Behalf of All Others Similarly Situated,<br><br>                          Plaintiffs,<br><br>          vs.<br><br>CITIGROUP MORTGAGE LOAN TRUST INC., et al.,<br><br>                          Defendants.<br>_____ | No. 11-mc-80211-JSW(NMC)<br><br>CLASS ACTION<br><br>ORDER REGARDING PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION FROM NON-PARTY WELLS FARGO BANK, N.A. |

*(Pending in the United States District Court for the Eastern District of New York), Civil Action 08-CV-01418*

666244_1

1    IT IS HEREBY ORDERED that the following procedures will govern the production and use

2 of certain documents and information produced by Wells Fargo Bank, N.A. ("Wells Fargo") in the

3 above-captioned action (the "Action"), including those documents produced by Wells Fargo in the

4 Action prior to the entry of this order (the "Order"):

5    1.    The Order is intended to supplement, without limiting in any way, the protections

6 provided in the Confidentiality Protective Order submitted to the underlying Court in the Eastern

7 District of New York on November 2, 2011 (Docket No. 162) and so ordered by the Honorable E.

8 Thomas Boyle on November 3, 2011 (the "November 3, 2011 Order"). This Order incorporates by

9 reference the terms of the November 3, 2011 Order.

10   2.    In response to subpoenas served upon Wells Fargo in the Action, Wells Fargo has

11 produced and will continue to produce certain documents and information in the Action ("Wells

12 Fargo Items"), which may be designated as "Confidential" or "Highly Confidential" in accordance

13 with §§5.2(a) or (c) of the November 3, 2011 Order ("Protected Wells Fargo Items").

14   3.    In no event shall any Party disclose any nonpublic personal information ("NPPI")

15 contained in any Protected Wells Fargo Items to any individuals other than those referred to in

16 §§7.3(a)-(c) of the November 3, 2011 Order, without first receiving (i) permission from Wells Fargo

17 to make such disclosure, or (ii) in the event that such permission is sought and denied, an order,

18 made after notice to Wells Fargo and an opportunity to respond, from the Court directing such

19 disclosure. NPPI is defined to include (i) "nonpublic personal information," as that term is defined

20 in Title V of the Gramm-Leach-Bliley Act, 15 U.S.C. §§6801-6809, and the Regulations

21 promulgated thereunder (including 16 C.F.R. Part 313, 16 C.F.R. Part 314, 12 C.F.R. Part 332, and

22 12 C.F.R. Part 364), and (ii) any information covered by state and federal laws and regulations

23 protecting the privacy and security of personal information, including, but not limited to, the

24 California Financial Information Privacy Act, Cal. Fin. Code §4502. The individuals referred to in

25 §§7.3(a)-(c) of the November 3, 2011 Order shall not communicate with or solicit any mortgagor,

26 debtor, guarantor, broker, appraiser, regulator, mortgagor's, debtor's or guarantor's accountant or

27 attorney, or any other person or party, including any tenant or managing or leasing agent, connected

28 with or related to the Protected Wells Fargo Items, whose name or contact information is obtained

666244_1   Order REGARDING Production and Exchange of Confidential Information from Non-
Party Wells Fargo BANK, N.A. - 11-mc-80211-JSW(NMC)                                    - 1 -

1   solely from the Protected Wells Fargo Items, with respect to any mortgage loan, origination of a

2   mortgage loan, servicing of a mortgage loan, or otherwise as reflected in the Protected Wells Fargo

3   Items, without the prior written consent of Wells Fargo or, in the event that such consent is sought

4   and withheld, an order from the Court, made after notice to Wells Fargo and an opportunity to

5   respond, permitting such activity.

6          4.       All persons who receive NPPI contained in any Protected Wells Fargo Items marked

7   "Highly Confidential" shall take appropriate measures to control access to and/or use of such

8   material so as to limit the use and/or disclosure to those situations authorized in the November 3,

9   2011 Order and this Order and to prevent the unauthorized disclosure of such material.  If an

10  unauthorized disclosure occurs of NPPI in Protected Wells Fargo Items, the person(s) from whose

11  possession, custody or control the unauthorized disclosure occurred shall immediately inform Wells

12  Fargo of all pertinent facts relating to the unauthorized disclosure and the nature and extent of the

13  NPPI involved, and Wells Fargo shall determine, within its sole discretion, whether notification of

14  law enforcement and/or regulatory authorities is appropriate.

15         5.       Wells Fargo Items that are designated "Highly Confidential" pursuant to the

16  November 3, 2011 Order may be disclosed only to (i) those persons identified §§7.3(a)-(e), (g) of the

17  November 3, 2011 Order, and (ii) any deponents or witnesses in the Action, and their Counsel, to

18  whom disclosure is reasonably necessary for this litigation and who have either signed the

19  "Agreement To Be Bound By Protective Order" (Exhibit A to the November 3, 2011 Order) or have

20  verbally agreed on the record to maintain the confidential nature of such material.

21         6.       In the event that any Protected Wells Fargo Items are introduced as exhibits or

22  otherwise referenced during a deposition in the Action, any portions of the deposition testimony

23  concerning the Protected Wells Fargo Items shall automatically be deemed to have been designated

24  as "Confidential" or "Highly Confidential," depending on the specific level of protection assigned to

25  the Protected Wells Fargo Items at issue, in accordance with §5.2(b) of the November 3, 2011 Order.

26         7.       If any Party makes a request or motion to modify the terms of the November 3, 2011

27  Order pursuant to §§9, 14 or 16 of the November 3, 2011 Order with respect to any provision that

28  may affect Wells Fargo Protected Items, such Party agrees to notify Wells Fargo, through its

666244_1

Order REGARDING Production and Exchange of Confidential Information from Non-
Party Wells Fargo BANK, N.A. - 11-mc-80211-JSW(NMC)                                          - 2 -

1  counsel, of the request or motion and agrees to afford Wells Fargo a reasonable opportunity to

2  oppose or comment upon any such request or motion, in accordance with the applicable Court and

3  Local Rules.

4      8.      In the event that the Parties reach an agreement pursuant to §§9, 14 or 16 of the

5  November 3, 2011 Order that would affect the use of or protections afforded to Protected Wells

6  Fargo Items in any court proceeding, the Parties shall notify Wells Fargo, through its counsel, of

7  such agreement within three (3) days.  Upon receiving notice of any such agreement, Wells Fargo

8  shall have seven (7) days to object to the agreement and, if necessary, seek a protective order from

9  the Court ("Notice Period").  In the event that the relevant court proceeding occurs prior to the

10  expiration of the Notice Period and/or before the Court has had an opportunity to rule on any

11  protective order sought by Wells Fargo during the Notice Period, any portions of the relevant court

12  transcript that concern Protected Wells Fargo Items shall be deemed to be designated as "Highly

13  Confidential" and provided the protections afforded to such material under the November 3, 2011

14  Order, until (i) the Court has had an opportunity to rule on any protective order sought by Wells

15  Fargo during the Notice Period, or (ii) in the event that no such protective order is sought by Wells

16  Fargo during the Notice Period, the expiration of the Notice Period.

17      9.      The parties agree to be bound by the terms agreed to herein prior and subsequent to

18  entry by the Court.

19      Except as expressly set forth above, all other terms of the November 3, 2011 Order remain in

20  full force and effect.

21      IT IS SO ORDERED.

22  DATED: _November 22, 2011_    _____

23                                THE HONORABLE NATHANAEL M. COUSINS
                                  UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28

666244_1

Order REGARDING Production and Exchange of Confidential Information from Non-
Party Wells Fargo BANK, N.A. - 11-mc-80211-JSW(NMC)                          - 3 -